**FILED**
CLERK, U.S. DISTRICT COURT
1/5/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_VAV\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:23-cr-00001-FLA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Distribution of Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. § 853 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| FLORIDA SAHAY, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 14, 2021, in Los Angeles County, within the Central District of California, defendant FLORIDA SAHAY knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 71 grams, of methamphetamine, a Schedule II controlled substance, in the kitchen of defendant SAHAY's residence.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about September 23, 2021, in Los Angeles County, within the Central District of California, defendant FLORIDA SAHAY knowingly and intentionally distributed at least five grams, that is, approximately 35 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about October 14, 2021, in Los Angeles County, within the Central District of California, defendant FLORIDA SAHAY knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 17 grams, of methamphetamine, a Schedule II controlled substance, in the dining room of defendant SAHAY's residence.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about October 14, 2021, in Los Angeles County, within the Central District of California, defendant FLORIDA SAHAY knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 113 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance

FORFEITURE ALLEGATION

[21 U.S.C. § 853 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in Counts One through Four of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendants, the property described in the preceding paragraph or any portion thereof

(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Chief, General Crimes Section

MORGAN J. COHEN
Assistant United States Attorney
Major Frauds Section